FILED
14 MAY -7 PM 2:17
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE ALLAN VANN, an Individual, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LLC, an Arizona Limited Liability Corporation; CHARIS GROUP, LLC, an Arizona Limited Liability Corporation; OC ENVY GROUP, INC., a California Corporation; and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO. 13CV2221 BEN (WVG)<br><br><u>CLASS ACTION</u><br><br>**PROTECTIVE ORDER**<br><br>Hon. William V. Gallo<br>U.S. Magistrate Judge<br><br>Complaint filed: August 12, 2013<br>Trial Date: None Set |

Plaintiff Terrance Allan Vann and Defendants Massage Envy Franchising, LLC ("MEF") and Charis Group LLC ("Charis") (MEF and Charis are collectively referred to herein as "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "parties") hereby stipulate and agree to be bound by the terms of a Protective Order ("Order") with regard to certain documents, electronic data, and information being sought through discovery in this action ("Materials").

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret, proprietary or other confidential information, such as that containing personal information, research, technical, cost, price, marketing, or other sensitive commercial information as is contemplated by Federal Rule of Civil Procedure 26(c). The purpose of this Order is to protect the confidentiality of such Materials without hindering the litigation as much as practically possible.

THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information disclosed or to be disclosed during this litigation including, without limitation, information contained in any Materials and information provided in documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, compilations, copies, abstracts, and any other format reproducing or capturing such information or otherwise derived from such information that meets the designation requirements of "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

2. The term "Materials" will include, but is not limited to: documents; correspondence; emails; memoranda; bulletins; member lists or other matter that identify members, guests or potential members or guests; lists or other matter

identifying members, guests or employees of Charis, MEF or MEF's franchisees or otherwise including private information about members, guests, employees or other individuals; price lists or schedules or other matter identifying pricing; minutes; letters; statements; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; notes; reports; instructions; disclosures; other writings; and other physical objects.

3. The term "Counsel" will include Counsel of Record, as defined below, and shall also include other attorneys, paralegals, secretaries, and other support staff employed by the law firms of Sacks, Ricketts & Case, LLP; Andrews, Lagasse, Branch & Bell LLP; Zeldes Haeggquist & Eck, LLP; and Cohelan Khoury & Singer. For purposes of this Order, the term "Counsel" shall also include the in-house attorneys and legal support staff for Defendants.

4. The term "Counsel of Record" will mean (i) outside counsel who appear in the action in any capacity, whether on the pleadings, on the record in a deposition or in a hearing, or in any other circumstance associated with the action, as counsel for a party, (ii) partners, principals, counsel, associates, employees, and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the Confidential Information for this action, including supporting personnel employed by the attorneys, such as paralegals, legal secretaries, and legal clerks, and/or (iii) independent shorthand reporters retained to record and transcribe testimony in this case and videographers retained to film testimony in this action. For purposes of this Order, the term "Counsel of Record" shall also include the in-house attorneys and legal support staff for Defendants.

5. The term "Independent Expert" will mean a person with specialized knowledge or experience in a matter pertinent to the case who has been retained by

Counsel to serve as an expert witness or as a litigation consultant in this case, and who is not a current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of, a party or competitor of a party.

## GENERAL RULES

6. Each party to this litigation that produces or discloses any Confidential Information and/or Materials, or any other information or Materials that the producing party believes should be subject to this Order, may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY."

    (a) Designation as "CONFIDENTIAL": Any party may use the "CONFIDENTIAL" designation only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information and/or Materials could be potentially prejudicial to the business or operations of such party or invasive of the privacy interests of individuals.

    (b) Designation as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY": Any party may use the "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation only if, in the good faith belief of such party and its Counsel, such information and/or Materials are among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial, technical, proprietary or other highly sensitive commercial or business information and/or Materials or information subject to a legally protected right of privacy.

7. In the event the producing party elects to produce Materials for initial inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of

specified Materials for copying by the inspecting party, and at the time of the production, the producing party must mark the copies of those Materials that contain Confidential Information with the appropriate "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation.

8. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

(a) The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the final deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

(b) The disclosing party will have the right to exclude from attendance at the deposition, only during such time as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designated Confidential Information is to be disclosed, any person, other than the deponent and other than those individuals permitted access under this Order, the court reporter, and the person(s) agreed upon pursuant to paragraph 12 below; and

(c) The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

9. Except as otherwise provided in this Order, all Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons permitted access within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or by order of the Court.

10. Except as otherwise provided in this Order, all Confidential Information designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may be viewed only by Counsel of Record (as defined in paragraph 4) of the receiving party and by Independent Experts (as defined in paragraph 5). The right of any Independent Expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or as approved by the Court. The party seeking approval of an Independent Expert must provide written notice to Counsel of Record for the producing party, which notice will include: (a) the individual's name and business title; (b) the individual's business address and country of residence; (c) the individual's curriculum vitae; (d) the individual's area(s) of expertise; and (e) an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the Independent Expert. Any objection by the producing party to an Independent Expert receiving Confidential Information must be made in writing within fourteen (14) calendar days following receipt of the identification of the proposed Independent Expert. Confidential Information may be disclosed to an Independent Expert if the fourteen (14) calendar day period has passed and no objection has been made. The approval of Independent Experts must not be unreasonably withheld.

11. All Confidential Information designated "CONFIDENTIAL" may be viewed only by Counsel (as defined in paragraph 3) of the receiving party, by Independent Experts, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

   (a) Party executives who are required to participate in policy decisions with reference to this action;

   (b) Technical personnel of the parties with whom Counsel of Record for the parties find it necessary to consult, in the discretion of such Counsel, in connection with this action and in preparation for trial of this action; and

   (c) Stenographic and clerical employees associated with the individuals identified above.

12. In addition to the individuals referenced in Paragraphs 10 and 11 above, all Confidential Information designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may also be reviewed by independent legal translators retained to translate in connection with this action; independent copying, scanning, technical support, and electronic document processing services retained by the parties or their Counsel in connection with this action; graphics, translation, or design services retained by the parties or their Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or otherwise in connection with this action; and non-technical jury or trial consulting services retained by the parties or their Counsel in connection with this action, including any mock jurors; provided, however, that any such individual has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A in advance of access.

13. With respect to all Confidential Information designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," any

1  person indicated on the face of the document to be its originator, author, or a
2  recipient of a copy of the document, may be shown the same.

3      14.   All Confidential Information which has been designated as
4  "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by the
5  producing or disclosing party, and any and all reproductions of that information
6  and/or Material, must be retained in the custody of the Counsel of Record for the
7  receiving party, except that Independent Experts authorized to view such
8  information under the terms of this Order may retain custody of copies such as are
9  necessary for their participation in this litigation.

10      15.   Before any Materials such as those produced in discovery, answers to
11  interrogatories, responses to requests for admissions, deposition transcripts, or other
12  documents which are designated as "CONFIDENTIAL" or "CONFIDENTIAL –
13  OUTSIDE COUNSEL ONLY," are filed with the Court for any purpose, the party
14  seeking to file such Material must seek permission of the Court to file the Material
15  under seal. Any request to file such Material under seal must comply with Civil
16  Local Rule 79.2.

17      16.   No document shall be filed under seal unless counsel secures a court
18  order allowing the filing of a document under seal. An application to file a
19  document under seal shall be served on opposing counsel, and on the person or
20  entity that has custody and control of the document, if different from opposing
21  counsel. If opposing counsel, or the person or entity who has custody and control
22  of the document, wishes to oppose the application, he/she must contact the
23  chambers of the judge who will rule on the application, to notify the judge's staff
24  that an opposition to the application will be filed. If an application to file a
25  document under seal is granted by Judge Gallo, a redacted version of the document
26  shall be e-filed. A courtesy copy of the unredacted document shall be delivered to
27  Judge Gallo's chambers.

28  00025121.DOCX - 1                               7

17. At any stage of these proceedings, any party may object to the "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation of any Confidential Information. The party objecting to any such designation must notify Counsel for the designating party, in writing, of the objected-to designation of such Confidential Information and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Confidential Information at issue must be treated according to the designation of the designating party until the Court has ruled on the objection or the matter has been otherwise resolved. However, the procedures in Judge Gallo's April 29, 2014 Order Regarding Discovery shall control as to discovery matters covered by that Order.

18. All Confidential Information must be held in confidence by those authorized by this Order to inspect or receive it and must be used only for purposes of this action. Counsel of Record for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Confidential Information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

19. No party will be responsible to another party for disclosure of Confidential Information under this Order if the Confidential Information in question is not labeled or otherwise designated in accordance with this Order.

20. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is to be designated, as appropriate, "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat such designated Confidential Information in accordance with this Order, once the designating party so notifies the receiving party. If the receiving party has disclosed such Confidential Information before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure, and the receiving party will make every effort to prevent further disclosure by the party and by the person(s) receiving such inadvertently produced Confidential Information. Counsel of Record for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

21. Nothing within this Order will prejudice the right of any party to object to the production of any discovery on the grounds that such Confidential Information is protected as privileged or as attorney work product.

22. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," provided that the contents of the Confidential Information must not be disclosed to those not authorized by this Order.

23. This Order will be without prejudice to the right of any party to oppose production of any Confidential Information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of

this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

24. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY", that Party must:

    (a) promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable procedures to protect the information designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" sought to be pursued by the designating party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY", before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

25. Non-Party Production.

    (a)    The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

    (b)    In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

    (1)    promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

    (2)    promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested;

    (3)    make the information requested available for inspection by the non-party; and

    (4)    inquire whether the non-party will consent or object to the disclosure of such non-party's confidential information.

26. Final Disposition. Unless otherwise agreed by the parties in writing, within sixty (60) days after the Final Disposition of this action, as defined below, each receiving party authorized by this Order must return all Confidential Information to the producing party or destroy such Confidential Information. Whether the Confidential Information is returned or destroyed, Counsel for the receiving party must submit a written certification to Counsel for the producing

party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all of the Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any of the Confidential Information. Notwithstanding this provision, and unless otherwise agreed by the parties in writing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such Materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order as set forth herein. Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a designating party agrees otherwise in writing or a Court otherwise directs. "Final Disposition" means the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

27. Also within sixty (60) days after the Final Disposition of this action, Counsel for each producing party must file an ex parte motion for an order requesting that the Court either destroy the Confidential Information on file or authorizing the return of all Confidential Information produced by that party.

28. The restrictions and obligations set forth within this Order will not apply to any Confidential Information that: (a) the parties mutually agree should not be subject to this Order; (b) the parties mutually agree, or the Court rules, is already public knowledge; (c) the parties mutually agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party,

1  its employees, or its agents in violation of this Order; or (d) has come or will come
2  into the receiving party's legitimate knowledge independently of the production by
3  the designating party.  Prior knowledge must be established by pre-production
4  documentation.

5      29.  The restrictions and obligations within this Order will not be deemed
6  to prohibit discussions of any Confidential Information with anyone if that person
7  already has or obtains legitimate possession of that information.

8      30.  Transmission by facsimile or email is acceptable for all notification
9  purposes within this Order.

10      31.  This Order may be modified by written agreement of the parties,
11  subject to approval by the Court.

12      32.  This Order does not and is not intended to change, amend, or
13  circumvent any rule of this Court or any Local Rule.

14      33.  The Court may modify the terms and conditions of this Order for good
15  cause, or in the interest of justice, or on its own order at any time in these
16  proceedings.  The parties prefer that the Court provide them with notice of the
17  Court's intent to modify the Order and the content of those modifications prior to
18  entry of such an order.

19      34.  Even after the termination of this action, the confidentiality and other
20  obligations imposed by this Order will remain in effect until the producing party
21  agrees otherwise in writing or the Court otherwise directs.  Any Final Disposition
22  of this action as to any or all parties will include a specific provision that the Court
23  will retain jurisdiction to enforce the terms of this Order for a period of two (2)
24  years following such Final Disposition unless otherwise ordered by the Court.  The
25  parties, Counsel, and any individual who receives any Confidential Information
26  authorized by this Order consents to the personal jurisdiction of the Court for that
27  purpose.

28  00025121.DOCX - 1            13

IT IS SO ORDERED this 7th day of May, 2014.

_____
Magistrate Judge William V. Gallo

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE ALLAN VANN, an Individual, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LLC, an Arizona Limited Liability Corporation; CHARIS GROUP, LLC, an Arizona Limited Liability Corporation; OC ENVY GROUP, INC., a California Corporation; and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO. 13CV2221 BEN (WVG)<br><br><u>CLASS ACTION</u><br><br>**AGREEMENT TO ABIDE BY PROTECTIVE ORDER** |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have received and read a copy of the Protective Order entered in *Vann v. Massage Envy Franchising, LLC*, Case No. 13CV2221 BEN (WVG), and understand and agree to abide by its terms.

3. I agree to keep confidential all Confidential Information provided to me in this matter in accordance with the restrictions in the Protective Order.

4.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

5.  I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

6.  I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____